IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:07-HC-2227-FL

| | |
|---|---|
| MARK EARL BELL, | ) |
| Petitioner, | ) |
| v. | ) ORDER |
| TRAVIS OUTLAW, | ) |
| Respondent. | ) |

This matter came before the court on the motion for summary judgment (DE # 6) pursuant to Federal Rule of Civil Procedure 56 of respondent Travis Outlaw (hereinafter "respondent"). Also before the court is the motion to appoint counsel (DE # 4) filed by petitioner Mark Earl Bell (hereinafter "petitioner"). These matters are ripe for adjudication. For the following reasons, the court grants respondent's motion and denies petitioner's motion.

STATEMENT OF CASE

On November 29, 2005, in the Tyrrell County Superior Court, petitioner was convicted of maintaining a dwelling to keep or sell cocaine, possession with intent to sell or deliver cocaine, possession of drug paraphernalia, and having achieved the status of habitual felon. See State v. Bell, 180 N.C. App. 691, 639 S.E. 2d 143, *1 (2006). He was sentenced to a term of one hundred sixteen (116) to one hundred forty-nine (149) months imprisonment. See id.

Following his conviction, petitioner filed a notice of appeal in the North Carolina Court of Appeals. On May 30, 2006, petitioner filed a *pro se* motion for appropriate relief (hereinafter

"MAR") in the North Carolina Court of Appeals. (Resp't's Mem. Ex. 5.) On December 19, 2006, the Court of Appeals issued an order finding no error in petitioner's conviction. Id.

On September 27, 2007, petitioner filed a *pro se* motion for appropriate relief (hereinafter "MAR") in the Tyrrell County Superior Court. (Id. Ex. 7.) The Superior Court summarily denied petitioner's MAR on November 13, 2007. (Id. Ex. 8.) On November 26, 2007, petitioner filed a *pro se* petition for writ of certiorari in the North Carolina Court of Appeals, which was denied on December 7, 2007. (Id. Exs. 9 and 10.)

On December 31, 2007, petitioner filed this *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner alleged that he received ineffective assistance of trial and appellate counsel. He also alleged that his conviction violated the Due Process Clause of the Fourteenth Amendment of the United States Constitution because it was based upon insufficient evidence. Finally, petitioner alleged that the State engaged in misconduct and selective prosecution. Petitioner filed a motion to appoint counsel on February 19, 2008. On February 21, 2008, respondent filed a motion for summary judgment, arguing that petitioner's claims are without merit. Petitioner filed a response to respondent's motion on March 6, 2008.

STATEMENT OF FACTS

The facts as stated by the North Carolina Court of Appeals are summarized as follows:

> On 6 March 2004, Deputy Leigh Ann Schreckengost ("Schreckengost") of the Tyrrell County Sheriff's Department observed Mark Earl Bell ("defendant") come out of a house and approach a car parked on the street. Defendant handed the driver of the car a carton of cigarettes and a bottle of soda, and then went back into the house. Shortly thereafter defendant returned to the car with a case of beer and got into the passenger seat. Schreckengost followed the car as it drove away. After following the car for a short distance, she observed the car slow down, at which time defendant jumped out of the car before it came to a complete stop.

2

> Schreckengost yelled for defendant to stop, but he ran behind some houses. After stopping the car and talking briefly with the driver, Schreckengost pursued defendant. She called for defendant to come and speak to her, to which defendant responded by initially turning and walking away from her. Schreckengost started to run towards defendant, at which time defendant stopped walking and spoke to her.
>
> Deputy Saxon Baker ("Baker") and Probation Officer Joey Elliott ("Elliott") arrived at the scene to assist Schreckengost. Elliott recognized defendant as one of the individuals whom he supervised on probation. Having visited defendant at his home several times prior, Elliott knew where defendant lived, and pursuant to the conditions of defendant's probation, Elliott decided to conduct a warrantless search of defendant's home. Elliott asked Baker and Schreckengost to assist him in the search of defendant's home.
>
> Defendant resided with another individual in a mobile home. Upon entering defendant's home, Baker conducted a search of the couch in the living room prior to letting defendant sit on it. While searching the couch, Baker found three small bags of what appeared to be crack cocaine under one of the cushions. Defendant stated the cocaine did not belong to him. Elliott and Baker then searched defendant's bedroom and the kitchen. In defendant's bedroom, the officers searched a black duffle bag which defendant said belonged to him. Inside the bag, the officers found a .25 caliber pistol and a knife, which defendant stated did not belong to him. The officers also found a small metal "crack pipe" in defendant's bedroom. Upon searching the kitchen, the officers found several plastic sandwich bags with the corners cut out of them. At trial, Schreckengost testified that the bags of cocaine found under the couch cushion looked like small pieces of sandwich bags which had been knotted up.

Bell, 180 N.C. App. at * 1.

## DISCUSSION

I.      Motion for Appointment of Counsel

Petitioner requests that this court appoint counsel to represent him. There is no constitutional right to counsel in habeas corpus actions. Pennsylvania v. Finley, 481 U.S. 551, 555 (1987). Under 18 U.S.C. § 3006A(a)(2)(B), a court may appoint counsel in a habeas corpus proceeding if it determines

3

that "the interests of justice so require." The court does not perceive issues of great legal complexity in this case. Therefore, the interests of justice do not mandate the appointment of counsel. Accordingly, petitioner's motion is DENIED.

II.     Motion for Summary Judgment

     A.     Standard of Review

Summary judgment is appropriate when there exists no genuine issue of material fact, and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); Anderson v. Liberty Lobby, 477 U.S. 242, 247 (1986). The party seeking summary judgment bears the burden of initially coming forward and demonstrating an absence of a genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). Once the moving party has met its burden, the nonmoving party then must affirmatively demonstrate that there exists a genuine issue of material fact requiring trial. Matsushita Elec. Industrial Co. Ltd. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986). There is no issue for trial unless there is sufficient evidence favoring the non-moving party for a jury to return a verdict for that party. Anderson, 477 U.S. at 250.

The standard of review for habeas petitions brought by state inmates, where the claims have been adjudicated on the merits in the state court, is set forth in 28 U.S.C. § 2254(d). That statute states that habeas relief cannot be granted in cases where a state court considered a claim on its merits unless the decision was contrary to or involved an unreasonable application of clearly established federal law as determined by the United States Supreme Court, or the state court decision was based on an unreasonable determination of the facts. See 28 U.S.C. § 2254(d)(1) and (2). A state court decision is "contrary to" Supreme Court precedent if it either arrives at "a conclusion opposite to that reached by [the Supreme] Court on a question of law" or "confronts facts that are

4

materially indistinguishable from a relevant Supreme Court precedent and arrives at a result opposite" to that of the Supreme Court. Williams v. Taylor, 529 U.S. 362, 406 (2000). A state court decision "involves an unreasonable application" of Supreme Court law "if the state court identifies the correct governing legal principle from [the Supreme] Court's cases but unreasonably applies it to the facts of the state prisoner's case." Id. at 407. A state court decision also may apply Supreme Court law unreasonably if it extends existing Supreme Court precedent to a new context where it does not apply, or unreasonably refuses to extend existing precedent to a new context where it should apply. Id. The applicable statute

> does not require that a state court cite to federal law in order for a federal court to determine whether the state court's decision is an objectively reasonable one, nor does it require a federal habeas court to offer an independent opinion as to whether it believes, based upon its own reading of the controlling Supreme Court precedents, that the [petitioner's] constitutional rights were violated during the state court proceedings.

Bell v. Jarvis, 236 F.3d 149, 160 (4th Cir. 2000), cert. denied, 534 U.S. 830 (2001). Moreover, a determination of a factual issue made by a state court is presumed correct, unless rebutted by clear and convincing evidence. See 28 U.S.C. § 2254(e)(1).

    B.    Analysis

        1.    <u>Ineffective Assistance of Trial Counsel</u>

In his first claim, petitioner alleges that he received ineffective assistance of trial counsel. Petitioner raised this issue in his MAR. The MAR court adjudicated this claim and summarily denied it as without merit.

The Sixth Amendment right to counsel includes the right to the effective assistance of counsel. Strickland v. Washington, 466 U.S. 668, 686 (1984). To prevail on a claim of ineffective

5

assistance of counsel, a habeas petitioner must establish a two-prong test. First, petitioner must show that the counsel's performance was deficient in that it was objectively unreasonable under professional standards prevailing at the time. Id. This court must be "highly deferential" of counsel's performance and must make every effort to "eliminate the distorting effects of hindsight." Id. at 689. Therefore, the court must "indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." Id. at 687. For the second prong, petitioner must show there is a "reasonable probability" that, but for the deficiency, the outcome of the proceeding would have been different. Id. at 694. Even then, however, habeas relief may be granted under Strickland only if the "result of the proceeding was fundamentally unfair or unreliable." Lockhart v. Fretwell, 506 U.S. 364, 369 (1993); Sexton v. French, 163 F.3d 874, 882 (1998).

### a. Failure to Investigate

Petitioner contends that his trial counsel was ineffective because he failed to investigate his case and ignored evidence, which lead to an unfair trial. The minimum standard for effective assistance of counsel includes appropriate investigations, both legal and factual, to determine if a defense can be developed. Sneed v. Smith, 670 F.2d 1348, 1353 (4th Cir. 1982). However, an allegation that trial counsel conducted an inadequate investigation does not warrant relief absent a proffer of what favorable testimony the witness would have given. Bassette v. Thomspon, 915 F.2d 932, 940-41 (4th Cir. 1990), cert. denied, 499 U.S. 982 (1991). Reasonableness of investigation is evaluated by examination of the totality of the circumstances facing the attorney. Bunch v. Thompson, 949 F.2d 1354, 1363 (4th Cir. 1991), cert. denied, 505 U.S. 1230 (1992). This standard must be applied with "a heavy measure of deference to counsel's judgments." Stout v. Netherland,

6

95 F.3d 42, 1996 WL 496601, * 10 (citing Strickland, 466 U.S. at 691) (unpublished) (quotations omitted).

Here, petitioner contends that his counsel's investigation was inadequate because he failed to interview petitioner's neighbors to determine whether other people had access to the mobile home at 602 Railroad Street where the drugs were found. In support of his claim, petitioner submitted hand-written affidavits from himself, his roommate Venus Alexander, and his neighbor Martha Roulhac. The affidavits make vague allegations that petitioner did not live at the 602 Railroad Street location and that unknown drug dealers were in the house on the night of petitioner's arrest.[1] (Resp't's Mem. Ex. 7.) The State, on the other hand, presented evidence at trial that petitioner was a resident at 602 Railroad Street, where the drugs were found. In particular, parole officer Joey Elliot testified at trial that he had supervised petitioner on probation and that petitioner had provided the 602 Railroad Street address to the probation office for the purposes of probation supervision.[2] (Resp't's Ex. 2, TR. pp. 40-42.)

Applying a totality of the circumstances analysis to the facts of this case, petitioner's vague conclusory allegations of the presence of unknown drug dealers at 602 Railroad Street do not satisfy the second prong of the Strickland ineffective assistance of counsel test. Specifically, petitioner's vague allegations do not demonstrate that the outcome of the proceedings would have been different had counsel presented the testimony of Venus Alexander or Martha Roulhac. See Nickerson v. Lee, 971 F.2d 1125, 1136 (4th Cir. 1992) ("In order to obtain and evidentiary hearing on an ineffective

---

[1] Venus Alexander admitted in her affidavit that petitioner stayed at her house at times. (Resp't's Mem. Ex. 7.)

[2] Officer Elliot testified at trial that he had visited defendant approximately thirteen (13) to fourteen (14) times at the 602 Railroad Street address. (Id. Ex. 2, TR. p. 46.)

7

assistance claim--or for that matter on any claim--a habeas petitioner must come forward with some evidence that the claim might have merit. Unsupported conclusory allegations do not entitle a habeas petitioner to an evidentiary hearing."), abrogated on other grounds by Yeatts v. Angelone, 166 F.3d 255 (4th Cir. 1999); see also Bunch, 949 F.2d at 1364 ("the best course for a federal habeas court is to credit [defense counsel with] plausible strategic judgments"). Accordingly, the MAR court's adjudication of this prong of petitioner's ineffective assistance of counsel claim did not result in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States. Therefore, petitioner's first ineffective assistance of counsel claim is without merit.

                    b.        Failure to Present Available Testimony

Petitioner also asserts that his trial counsel was ineffective because he failed to present available testimony. This claim appears to be a restatement of petitioner's first ineffective assistance of counsel claim. Accordingly, this claim likewise is without merit. To the extent petitioner is attempting to allege a new claim, it is still without merit because he has not presented any factual support for any new claim. As stated, unsupported allegations do not warrant relief. Nickerson, 971 F.2d at 1136. For these reasons, petitioner's second ineffective assistance of trial counsel claim is without merit.

                    c.        Failure to Preserve Important Issues

Finally, petitioner asserts that his trial counsel was ineffective because he "failed to preserve important issues." (Pet. p. 6.) Before the court examines the merits of petitioner's claim, it must ensure that petitioner fairly presented it to the North Carolina courts. State prisoners are required "to present the state courts with the same claim he urges upon the federal courts." Picard v. Connor,

8

404 U.S. 270, 276 (1971); 28 U.S.C. § 2254(b)(1)(A). A federal petitioner has not exhausted state court review so long as he maintains "the right under the law of the State to raise [in state court] by any available procedure, the question presented." 28 U.S.C. § 2254(c). This exhaustion requirement compels a habeas petitioner to "invok[e] one complete round of the State's established appellate review process." O'Sullivan v. Boerckel, 526 U.S. 838, 845 (1999).

A claim that has not been adequately presented to the state courts may be treated as exhausted if it is clear that the claim would be procedurally barred under state law if the petitioner now attempted to present it. Baker v. Corcoran, 220 F.3d 276, 288 (4th Cir. 2000); Breard v. Pruett, 134 F.3d 615, 619 (4th Cir. 1998). A claim treated as exhausted and consequently procedurally defaulted because it would now be procedurally barred in state court can overcome the default if the petitioner can demonstrate cause and actual prejudice and/or a miscarriage of justice. Baker, 220 F.3d at 288 citing Gray v. Netherland, 518 U.S. 152, 162 (1996); see also Coleman v. Thompson, 501 U.S. 722, 750 (1991). To show cause, a petitioner must show something external prevented him from complying with the state procedural rule. Coleman, 501 U.S. at 753. To show prejudice, a petitioner must show he was actually prejudiced as a result of the alleged violation of federal law. United States v. Frady, 456 U.S. 152, 168 (1982).

In this case, petitioner failed to raise this ineffective assistance of counsel claim in his direct appeal to the North Carolina Court of Appeals, his MAR, or his petition for certiorari before the North Carolina Court of Appeals.[3] Because of this omission, he has not adequately presented this claim to the state courts. If petitioner now filed a direct appeal to the North Carolina Supreme Court

---

[3] Petitioner did raise ineffective assistance of trial counsel during his post-conviction review. However, his post-conviction ineffective assistance of counsel claim was limited to the issue of his trial counsel's alleged failure to investigate the possibility that the drugs at issue could have belonged to another person. (Resp't's Ex. 7, p. 3 and Ex. 9.)

9

or a petition for discretionary review to the North Carolina Supreme Court, the claims would be barred by the state court under North Carolina's procedural bar statute, N.C. Gen. Stat. § 15A-1419(a)(1), (a)(3), and (b). See Rose v. Lee, 252 F.3d 676, 683 (4th Cir.) (holding N.C. Gen. Stat. § 15A-1419 is mandatory), cert. denied, 534 U.S. 941 (2001); Williams v. French, 146 F.3d 203, 209 (4th Cir. 1998) (holding § 15A-1419(a)(3) to be an independent and adequate state procedural bar, precluding federal habeas review), cert. denied, 525 U.S. 1155 (1999); McCarver v. Lee, 221 F.3d 583, 588-589 (4th Cir. 2000) (holding § 15A-1419(a)(3) is an independent and adequate state procedural bar that is consistently and regularly applied even in "the special case" of ineffective assistance of counsel claims). Based on the foregoing, petitioner's ineffective assistance of counsel claim is procedurally barred. Petitioner has not established cause or prejudice for his procedural bar. Therefore, this claim is procedurally defaulted, and petitioner's final ineffective assistance of trial counsel claim is without merit.

### 2. Ineffective Assistance of Appellate Counsel

In his second claim, petitioner alleges that he received ineffective assistance of appellate counsel. Petitioner has not stated how his appellate counsel was ineffective, nor has he provided any factual support for his claim whatsoever. As stated, unsupported allegations are not sufficient to warrant relief. Nickerson, 971 F.2d at 1136. Because petitioner provided no support for his claims of ineffective assistance of appellate counsel, this claim is without merit.[4]

---

[4] The court notes that petitioner did not raise any ineffective assistance of appellate counsel claim in his post-conviction proceedings. (See Resp't's Mem. Exs. 7 and 9.)

10

### 3. Selective Prosecution

In his third claim, petitioner alleges that the State engaged in selective prosecution because the law enforcement officers failed to investigate the possibility that another person was responsible for the drugs at issue in this case. Petitioner raised this issue before the MAR court. The MAR court adjudicated this claim and found it to be without merit.

"[T]he decision to prosecute is particularly ill-suited to judicial review." Rowsey v. Lee, 327 F.3d 335, 343 (4th Cir. 2003). Prosecutors have broad discretion with regard to determining whether to prosecute a case and a "presumption of regularity supports their prosecutorial decisions." United States v. Armstrong, 517 U.S. 465, 464 (1996). In order to establish a claim for selective prosecution, a petitioner must demonstrate that "the prosecutor's decision was based on a unconstitutional motive," such as a violation of the Equal Protection Clause of the Fourteenth Amendment of the United States Constitution. Rowsey, 327 F.3d at 343 (citing Wade v. United States, 504 U.S. 181, 185-86 (1992)) (quotations omitted). "[T]o dispel the presumption that a prosecutor has not violated equal protection, a criminal defendant must present clear evidence to the contrary." Armstrong, 517 U.S. at 465.

In this case, petitioner has not alleged that the prosecutor was motivated by a discriminatory purpose. Accordingly, petitioner has not established that the State engaged in selective prosecution. Because petitioner has not demonstrated that the State engaged in selective prosecution, the MAR court's denial of this claim was not contrary to, nor did it involve an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States. Based upon the foregoing, petitioner's third claim is without merit.

11

### 4. Prosecutorial Misconduct

In his fourth claim, petitioner alleges that the prosecutor engaged in misconduct. This claim is related to petitioner's selective prosecution claim. To prevail on a claim of prosecutorial misconduct, the Fourth Circuit has held that a petitioner must establish: "(1) that the prosecutor's remarks and conduct were, in fact, improper and (2) that such remarks or conduct prejudiced the defendant to such an extent as to deprive the defendant of a fair trial." United States v. Golding, 168 F.3d 700, 702 (4th Cir. 1999).

In this case, petitioner has not presented any evidence beyond conclusory allegations to establish that the prosecutor in his case engaged in misconduct by failing to investigate the possibility of other potential perpetrators. As stated, unsupported allegations are not sufficient to warrant relief. Nickerson, 971 F.2d at 1136. Additionally, prosecutors are entitled to immunity for failing to independently investigate matters they are referred for prosecution. See Curry v. Weiford, 389 F. Supp. 2d 704, 713-14 (N.D. W. Va. Sept. 21, 2005). Based upon the foregoing, petitioner has not established that the prosecution engaged in prosecutorial misconduct. Accordingly, the MAR court's denial of this claim was not contrary to, nor did it involve an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States. Therefore, petitioner's fourth claim is without merit.

### 5. Insufficient Evidence

In his final claim, petitioner alleges that there was insufficient evidence to convict him of maintaining a dwelling to keep or sell cocaine, possession with intent to sell or deliver cocaine, and possession of drug paraphernalia. The MAR court adjudicated this claim and summarily denied it as without merit.

Although claims of insufficient evidence are cognizable on collateral review, a federal court's review of such a claim is "sharply limited." Wright v. West, 505 U.S. 277, 296 (1992). The standard of review for a claim of insufficient evidence on habeas corpus review is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could find the essential elements of the crime beyond a reasonable doubt. Wright, 505 U.S. at 284; Jackson v. Virginia, 443 U.S. 307, 319 (1979).

a. Maintaining a Dwelling to Keep or Sell Cocaine

Petitioner was convicted of maintaining a dwelling to keep or sell cocaine. Under North Carolina law, the elements of maintaining a dwelling felony charge include: (1) the intentional keeping or maintaining of; (2) a building or other place; (3) being used for keeping and selling controlled substances. See N.C. Gen. Stat. § 90-108(a)(7); State v. Frazier, 142 N.C. App. 361, 365 (2001). The determine whether a person keeps or maintains a place, within the meaning of N.C. Gen. Stat. § 90-108(a)(7), a court must consider several factors which include: (1) occupancy of the property; (2) payment of rent; (3) possession over a duration of time; (4) possession of a key used to enter or exit the property; and (5) payment of utility or repair expenses. Frazier, 142 N.C. App. at 365. In addition, a court must consider the following factors when determining whether a place is used for keeping or selling a controlled substance: (1) a large amount of cash being found in the place; (2) a defendant admitting to selling controlled substances; and (3) the place containing numerous amounts of drug paraphernalia. Id. at 366.

At trial, probation officer Joey Elliott testified that petitioner provided the 602 Railroad Street address as his residence for probation supervision purposes. (Resp't's Mem. Ex. 2, pp. 41-42.) Probation officer Joey Elliott further testified that he had been to the 602 Railroad address on

13

thirteen (13) to fourteen (14) occasions in the twelve months prior to petitioner's arrest to see petitioner. (Id. Ex. 2, pp. 42 and 46.) Additionally, the State's evidence at trial demonstrated that the search of petitioner's residence uncovered 6.5 grams of crack cocaine packaged in three separate baggies, baggies commonly used to package crack cocaine, a gun, and a crack pipe. (Id. Ex. 2, pp. 13, 20, and 42-46.) This court finds that from the quantity of drugs, drug paraphernalia, and weapons found in the house, a jury could infer that petitioner intended to use the residence at 602 Railroad to distribute drugs. See United States v. Locklear, 41 F.3d 1504, 1994 WL 642196, *2 (4th Cir. Nov. 15, 2004)(unpublished). Accordingly, the court finds that the evidence was sufficient to support petitioner's conviction on this charge.

        b.   Possession with Intent to Sell and Possession of Drug Paraphernalia

Petitioner also was convicted of possession with the intent to sell cocaine and possession of drug paraphernalia. The essential elements of possession with intent to sell cocaine include: (1) possession of a substance; (2) the substance is a controlled substance; and (3) intent to distribute or sell the controlled substance. N.C. Gen. Stat. § 90-95(a)(1); State v. McNeil, 165 N.C. App. 777, 781, 600 S.E. 2d 31, 34 (2004). Additionally, in order to sustain a conviction under N.C. Gen. Stat. § 90-113.22(a) for possession of drug paraphernalia, the State must prove that the defendant possessed drug paraphernalia with the intent "to use [it] in connection with controlled substances." See State v. Davis, 650 S.E. 2d 612, 617 (2007) (quotations omitted).

Petitioner contends that there was insufficient evidence to convict him of possession with the intent to sell cocaine and possession of drug paraphernalia because there was no evidence that he possessed the drugs or drug paraphernalia. Possession may be actual or constructive. United States v. Rusher, 966 F.2d 868, 878 (4th Cir. 1992). To prove constructive possession, the State

14

must show, "ownership, dominion, or control over the contraband itself or the premises . . . in which the contraband is concealed." United States v. Blue, 957 F.2d 106, 107 (4th Cir. 1992) (quotations and citations omitted). The discovery of contraband in a petitioner's home "permits an inference of constructive possession." United States v. Shorter, 328 F.3d 167, 172 (4th Cir. 2003). If the defendant had non-exclusive control over the premises where the contraband was found, additional evidence of other incriminating circumstances are necessary to establish constructive possession. State v. Givens, 95 N.C. App. 72, 76 (1989). "As with other questions of intent, proof of constructive possession usually involves proof by circumstantial evidence." Coleman v. Hardy, No. 3:07CV19-3-MU, 2008 WL 2020182, *3 (W.D.N.C. May 8, 2008) (unpublished) (quotations omitted).

The State's evidence at trial showed that petitioner lived in the trailer located at 602 Railroad Street for at least one year. (Resp't's Mem. Ex. 2, Tr. pp. 36-46, 13, and 22.) The evidence further showed that petitioner resided with Venus Alexander. (Id. Ex. 2, Tr. p. 46.) However, Venus Alexander was not home on the night of the search, and neither party produced at trial any evidence that she had any knowledge or involvement in the drug business. Additionally, the State's evidence showed that a search of petitioner's dwelling revealed crack cocaine and baggies commonly used to package crack cocaine. (Id. Ex. 2, Tr. pp. 21 and 22.) The State's evidence further showed that petitioner admitted that a black duffle bag found in the bedroom belonged to him. (Id. Ex. 2, Tr. p. 45.) The duffle bag contained a .25 calabur pistol and a knife.[5] (Id. Ex. 2, Tr. pp. 23-24.) A metal crack pipe also was found in petitioner's bedroom. (Id. Ex. 2, Tr. p. 24.) Finally, the State's evidence showed that petitioner engaged in suspicious behavior when he jumped out of a moving

---

[5] Petitioner stated that the knife did not belong to him. (Id.)

15

car when he saw Officer Schreckengost's patrol car behind the car in which he was riding and then ran away from her when she pursued him. (Id. Ex. 2, Tr. pp. 8-12.)

Based upon the above-stated evidence, there is sufficient evidence for a rational trier of fact to find that petitioner constructively possessed the drugs and paraphernalia because drugs were found at his home, he was the only person at the residence, and drug paraphernalia was found in his bedroom. See Shorter, 328 F.3d at 172 (finding constructive possession where drugs were found in living room and other drug paraphernalia was found in the apartment he shared with his wife). Accordingly, petitioner is unable to establish that the adjudication by the MAR court was contrary to, or involved an unreasonable application of, clearly established federal law as determined by the Supreme Court. Therefore, petitioner's final claim is without merit.

## CONCLUSION

For the foregoing reasons, respondent's motion for summary judgment (DE # 6) is GRANTED. However, petitioner's motion to appoint counsel (DE # 4) is DENIED. The Clerk of Court is DIRECTED to close this case.

SO ORDERED, this the 29th day of September, 2008.

    /s/ Louise W. Flanagan
LOUISE W. FLANAGAN
Chief United States District Judge