IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:07-HC-2227-FL

| | | |
|---|---|---|
| MARK EARL BELL, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| TRAVIS OUTLAW, | ) | |
| | ) | |
| Respondent. | ) | |

On December 31, 2007, petitioner filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. On September 29, 2008, the court granted respondent Travis Outlaw's motion for summary judgment, and dismissed petitioner's habeas petition. Petitioner subsequently filed a motion for reconsideration, which the court denied. The Fourth Circuit Court of Appeals then dismissed petitioner's appeal of this court's rulings on petitioner's § 2254 petition and his motion for reconsideration. Bell v. Outlaw, No. 09-6292 (4th Cir. Nov. 5, 2009). The matter now is before the court on petitioner's motion for relief from judgment pursuant to Federal Rule of Civil Procedure 60(b) (DE 26) and motion for entry of default (DE 27). For the following reasons, petitioner's motion are denied.

Rule 60(b) authorizes the court to "relieve a party . . . from a final judgment, order, or proceeding for . . . mistake, inadvertence, surprise, or excusable neglect." Fed. R. Civ. P. 60(b). Under Rule 60(b), a movant first must demonstrate that the movant acted promptly, that the movant has a meritorious claim or defense, and that the opposing party will not suffer prejudice by having the judgment set aside. See Nat'l Credit Union Admin. Bd. v. Gray, 1 F.3d 262, 264 (4th Cir.

1993). If those three threshold conditions are met, the court then must determine whether the movant has satisfied "one of the six enumerated grounds for relief under Rule 60(b)." Id. at 266. One of Rule 60(b)'s threshold requirements is that the movant demonstrate a meritorious claim or defense. Petitioner has not raised any new ground to challenge this court's decision. Therefore, petitioner has not stated a meritorious claim. Because petitioner is unable to state a meritorious claim or defense, he is unable to satisfy the threshold requirements to proceed with a Rule 60(b) motion. Therefore, petitioner's Rule 60(b) motion is DENIED.

The court now turns to petitioner's motion for entry of default for respondent's alleged "failure to plead or otherwise defend as provided by the Federal Rules of Civil Procedure." Respondent properly filed an answer on February 21, 2008. See (DE 27), p. 1. The action now is closed and the fact that respondent has not responded to plaintiff's most recent pleadings is not a ground for entry of default. See Fed. R. Civ. P. 55. Thus, petitioner's motion for entry of default is DENIED.

In summary, plaintiff's Rule 60(b) motion (DE 26) and motion for entry of default (DE 27) are DENIED.

SO ORDERED, this the 26th day of September, 2013.

*/s/ Louise W. Flanagan*

LOUISE W. FLANAGAN
United States District Judge